BLD-230                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2759
_____

IN RE:  JOHNNIE D. YOUNG,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-09-cv-02513)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 19, 2012

Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: July 27, 2012 )
_____

OPINION
_____

PER CURIAM

Petitioner, Johnnie Delantro Young, seeks a writ of mandamus compelling the

Magistrate Judge to issue a report and recommendation addressing his petition for habeas

corpus and compelling the District Court to rule on his habeas petition.  He maintains that

the petition has been ripe for disposition since "the end of July 2011."  For the following

reasons, mandamus relief is not warranted.

Young filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 22, 2009. Since that time there has been a constant stream of activity reflected on the District Court's docket, including the following. The Commonwealth responded in March 2010, and in August 2010 the Magistrate Judge recommended the petition be denied. The District Court declined to adopt the Magistrate Judge's report and recommendation and remanded the case to the Magistrate Judge for further proceedings. In February 2011, Young moved for summary judgment. In April 2011, the Magistrate Judge dismissed Young's motion and ordered that he file one all-inclusive habeas corpus petition. Young did so and the Commonwealth responded in July 2011, after requesting and receiving an extension of time. In March 2012, Young filed an amended petition; the Commonwealth responded less than a month later. The most recent entry on the docket is a document Young filed on May 29, 2012, which the District Court treated as a supplement to his habeas petition. This mandamus petition followed on June 21.

Issuance of a writ of mandamus is proper in only extraordinary circumstances. In re Grand Jury, 680 F.3d 328, 340 (3d Cir. 2012). Its traditional purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). A petitioner must demonstrate a "clear and indisputable" right to the writ. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). While undue delay can amount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), it is plain from the District Court's docket that there has been no such undue delay

2

in Young's case.  We are confident that the Magistrate Judge will issue a report and recommendation expeditiously.

Accordingly, we will deny the mandamus petition.